UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KIM MARIE VESCOVA and LINA AHMEE
WHITEHILL,

                    Plaintiffs,

    -against-

SOUTHWEST SECURITIES, INC.,
SOUTHWEST SECURITIES GROUP, INC.,
BROKERS TRANSACTION SERVICES, INC.,
ROBERT DENENBERG, SUE H. PEDEN,
STEVE BURKS, MICHAEL ASPLER, ROBERT
MITCHELL, MARK KERN, their Principals,
Officers, Agents, Managers and Supervisors,
individually and as aiders and abettors, and as
employers,

                    Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER
CV 99-6257

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ OCT 28 2005 ★

LONG ISLAND OFFICE

APPEARANCES:

    SOLOTOFF & SOLOTOFF
    BY: LAWRENCE SOLOTOFF, ESQ.
    Attorneys for Plaintiffs
    P.O. Box 4686
    Great Neck, New York 11023

    SONNENSCHEIN NATH & ROSENTHAL LLP
    BY: ARTHUR H. RUEGGER, ESQ.
    Attorneys for Southwest Defendants
    1221 Avenue of the Americas
    New York, New York 10020

    MICHAEL ASPLER
    Defendant Pro Se
    20 Emerald Lane
    Huntington Station, New York 11746

    ROBERT MITCHELL
    Defendant Pro Se
    70-86 66th Street
    Glendale, New York 11385

2

MARK KERN
Defendant Pro Se
762 NW 89th Avenue
Plantation, Florida 33324

WEXLER, District Judge

Plaintiffs Kim Marie Vescova ("Vescova") and Lina Ahmee Whitehill ("Whitehill") brought this action against defendants Southwest Securities, Inc. ("SWSI"), Southwest Securities Group, Inc. ("SWSG"), Brokers Transaction Services, Inc. ("BTS"), Robert Denenberg ("Denenberg"), Sue H. Peden ("Peden"), Steve Burks ("Burks"), Michael Aspler ("Aspler"), Robert Mitchell ("Mitchell"), and Mark Kern ("Kern"). Plaintiffs claimed that they suffered sexually hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law, and they asserted various other federal and state law claims. This action was stayed and closed administratively pending arbitration of Vescova's claims. The arbitration has been completed. Before the Court are plaintiffs' motions to reopen the action and for other relief, and Vescova's motion to confirm the arbitration award.

I. BACKGROUND

By Stipulation and Order entered January 10, 2003, the parties agreed to arbitrate Vescova's claims through the National Association of Securities Dealers ("NASD") as against SWSI, SWSG, and BTS (collectively, the Southwest Defendants), and Aspler, Mitchell, and Kern; and Vescova dismissed her claims against Denenberg, Peden, and Burks. In addition, the parties agreed to stay Whitehill's claims pending resolution of Vescova's arbitration. On October 28, 2004, after eight days of arbitration, the NASD issued an award in Vescova's favor. Thereafter, Vescova settled with the Southwest Defendants and Aspler. Vescova and Whitehill

3

now move to reopen this action, sever Whitehill's claims, and enter an order consenting to magistrate judge jurisdiction over Whitehill's claims. Vescova also moves to confirm the arbitration award against Kern and Mitchell. Whitehill notes that she has dismissed her claims against Kern and Mitchell. Neither Kern nor Mitchell has submitted any papers in opposition to the motion to confirm.

As relevant here, the NASD found that Vescova was physically assaulted and verbally abused by Kern and Mitchell. The NASD held Kern liable to Vescova for $25,000 for lack of supervision, physical assault and verbal abuse, and intentional infliction of emotional distress; and the NASD held Mitchell liable to Vescova for $25,000 for physical assault and verbal abuse and intentional infliction of emotional distress.

## II. DISCUSSION

The grounds for refusing to confirm or for vacating an arbitration award are very limited. "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). The Federal Arbitration Act ("FAA") provides certain grounds upon which a federal court may vacate an arbitral award such as "corruption, fraud, or some other impropriety on the part of the arbitrators." Id.; see 9 U.S.C. § 10(a). Beyond the grounds explicitly provided for by FAA § 10(a), there is the well-recognized judicially-created doctrine that an arbitral award may be vacated when it exhibits a "manifest disregard of the law." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004); Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002).

Upon consideration of the record, in light of these principles, the motion to confirm is granted as against Kern and Mitchell, as the NASD arbitration award does not exhibit a manifest disregard of the law, and there is no indication that Kern or Mitchell was denied an unbiased and fundamentally fair hearing. Accordingly, Vescova's motion to confirm the NASD arbitration award as against Kern and Mitchell is granted. Whitehill's claims are severed and, given the remaining parties' consent to jurisdiction before a magistrate judge, the Court will endorse the order consenting to magistrate judge jurisdiction.

### III. CONCLUSION

Based on the above, Vescova's motion to confirm the NASD arbitration award as against Kern and Mitchell is granted. Whitehill's claims are severed, and her action will be assigned to a magistrate judge for all purposes. The Clerk of Court is directed to reopen the file in this action.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 28, 2005